IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41153
Conference Calendar

_____


CHIMA AGIM,

                                        Plaintiff-Appellant,

versus

UNIDENTIFIED LUMPKIN, Captain, Gurney Transfer Unit;
UNIDENTIFIED SCROGGINS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-312
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Chima Agim, Texas prisoner # 870112, appeals the district

court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous

and for failure to state a claim.  Agim argues that the district

court erred as follows: (1) in holding that Texas provided

adequate post-deprivation remedies; (2) by not issuing a

questionnaire to investigate the dismissal of his state claim;

and (3) in denying his motion for appointment of counsel.  We

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

review <u>de novo</u> the dismissal for failure to state a claim. <u>See</u> <u>Harris v. Hegmann</u>, 198 F.3d 153, 156 (5th Cir. 1999).

We hold that Agim is prevented by the <u>Parratt/Hudson</u> doctrine from pursuing a confiscation of property claim in federal court. <u>Parratt v. Taylor</u>, 451 U.S. 527, 541-44 (1981); <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984). A state post-deprivation remedy is not inadequate simply because the state court determines that a prisoner has forfeited his rights to seek recovery under state procedural laws. <u>See</u> <u>Holloway v. Walker</u>, 784 F.2d 1287, 1293 (5th Cir. 1986). Because we hold that state post-deprivation remedies were adequate, we also reject Agim's arguments that the district court should have issued a questionnaire and that it abused its discretion in denying his motion to appoint counsel.

Agim's appeal is without arguable merit and is therefore dismissed as frivolous. <u>See</u> 5TH CIR. R. 42.2. Agim is warned that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996) (holding dismissals as frivolous in the district courts and the court of appeals count as strikes for 28 U.S.C. § 1915(g) purposes). We caution Agim that once he accumulates three strikes, he may not proceed <u>in forma pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

DISMISSED; THREE-STRIKES WARNING ISSUED.